# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO.: 5:08-CV-00082-TBR

**SWINFORD TRUCKING, INC.**                                                                             **PLAINTIFF**

v.

**EXPRESS FREIGHT SYSTEMS, INC., et al.**                               **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court upon Plaintiff, Swinford Trucking, Inc.'s, Motion for Summary Judgment (Docket # 20). Defendants have filed no response. This matter is now ripe for adjudication. For the following reasons, Plaintiff's Motion is GRANTED.

## BACKGROUND

This case arises from two Vehicle Lease Agreements ("Leases") entered into on October 3, 2005, between Swinford Trucking, Inc, the plaintiff, and Express Freight Systems, Inc. ("Express") and Fleet Logistics, Inc. ("Fleet"), defendants. A Personal Guarantee ("Guarantee") was executed by John A. Limerick, Sr. ("Limerick"), wherein Limerick guaranteed all duties, obligations, and performances of Express and Fleet under the terms of the Lease.

The Leases provide the leased equipment for a term of twenty-four (24) months. The leased equipment, consisting of fourteen (14) 2003 Freightliner semi tractors, was furnished by Plaintiff. The Leases charged a monthly rental rate of $1,475.00 per truck. Payments were due from Defendants Express and Fleet on the 15th day of each month, beginning the month after Defendant took possession of each semi tractor. A late charge of 1.5% per month was assessed for payments received more than ten (10) days after the due date. The Leases also required Defendants to keep the trucks in good repair and allowed Plaintiff to charge Defendants for any repairs that were not made, or for any repairs required after any truck was returned by Defendants to Plaintiff's

possession at the termination of the Lease.

Plaintiff asserts it has fully performed its obligations under the Leases. Plaintiff further asserts Defendants have defaulted on the obligation for payment of rents for the leased equipment and thus breached the leases. Plaintiff states it has accelerated all future payments, surcharges, fees, costs and obligations for payment due for the remaining term of the Leases and has made demand to Defendants in writing. Plaintiff maintains Defendants have failed or refused to pay the amounts due and demanded in breach of the Leases and Guarantee respectively.

Plaintiff also asserts Defendants abandoned three (3) of the leased trucks in violation of the Lease eight (8) months prior to the end of the Leases and two (2) additional trucks less than a month later. These trucks, Plaintiff alleges, had been badly damaged and were left in a state of disrepair which Defendants had failed to report under the vehicles' warranty. Plaintiff states it was forced to repair these vehicles at a cost of $6,934.37. Plaintiff states when the rest of the vehicles were returned to Plaintiff's possession, the trucks had unreasonable damages amounting to over $49,000.00 cumulatively. Plaintiff asserts upon return of the possession at the end of the Lease, $83,193.92 was owed in rent and the accelerated unpaid rent for the abandoned trucks totaled $64,900.00. Plaintiff also asserts late charges, interest, and legal fees are owed.

Plaintiff brought this action in McCraken County State Court of Kentucky on April 10, 2008 alleging breach of the Lease and Guarantee. Defendants removed this case to this Court on May 14, 2008. Plaintiff now moves this Court for summary judgment.

**STANDARD**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and

that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

The standard for summary judgment requires the nonmoving party present more than a mere scintilla of evidence in support of his position in order to survive. *Hartsel,* 87 F.3d at 799 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). In the instant case, each Defendant has failed to respond to the motion and has therefore failed to meet its burden. The Court need not address the substance of Plaintiff's motion as Defendants have not responded; the affidavit of Tim Swinford is unrefuted. The Court finds the entry of summary judgment is proper.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is GRANTED. An appropriate order shall issue.